**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GEORGE GOLDEN** an individual**,** | Case No.: CV12-08529 JCG |
| Plaintiff, | ~~[Proposed]~~ **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| **MRS and Associates,** and **DOES 1 - 50**, inclusive, | |
| Defendants. | |

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends to information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal.

Enumeration of categories of protected or confidential documents herein does not reflect an agreement that such documents should be disclosed.  No discovery or

1
2
3
trial objections are waived herein.  This order is intended to protect information from too-
5
broad disclosure, not become an agreement about what should be produced between
6
the parties.
7
**2.DEFINITIONS**
8
2.1<u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of
9
information or items under this Order.
10
2.2<u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is
11
generated, stored or maintained) or tangible things that qualify for protection under
12
Federal Rule of Civil Procedure 26(c).  "Confidential Information" includes trade secret
13
or other proprietary or confidential business, technical, sales, marketing, financial, or
14
other commercial information that the Producing Party would not disclose to third parties
15
or that it would cause third parties to maintain in confidence. Confidential Information
16
further includes, but is not limited to: customer lists; information that a party has treated
17
as confidential and is not subject to public disclosure; all non-public materials that
18
contain trade secret or other confidential research, development, or commercial
19
information; information, materials, and/or other documents reflecting non-public
20
business or financial strategies, and/or confidential competitive information which, if
21
disclosed, would result in prejudice or harm to the disclosing party, and any other
22
information that would qualify as Confidential pursuant to Fed. R. Civ. P. 26(c) or any
23
other legal standard.
24
2.3<u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel
25
(as well as their support staff).
26
27
2.4<u>Designating Party</u>:  a Party or Non-Party that designates information or items
28
that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

-2-
PROTECTIVE ORDER

2.5 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>House Counsel</u>:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1
2
3    2.13 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated
4
5        as "CONFIDENTIAL."
6    2.14 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from
7
8        a Producing Party.

**3. <u>SCOPE</u>**

9    The protections conferred by this Stipulation and Order cover not only Protected
10   Material (as defined above), but also (1) any information copied or extracted from
11   Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected
12   Material; and (3) any testimony, conversations, or presentations by Parties or their
13   Counsel that might reveal Protected Material. However, the protections conferred by
14   this Stipulation and Order do not cover the following information: (a) any information that
15   is in the public domain at the time of disclosure to a Receiving Party or becomes part of
16   the public domain after its disclosure to a Receiving Party as a result of publication not
17   involving a violation of this Order, including becoming part of the public record through
18   trial or otherwise; and (b) any information known to the Receiving Party prior to the
19   disclosure or obtained by the Receiving Party after the disclosure from a source who
20   obtained the information lawfully and under no obligation of confidentiality to the
21   Designating Party. Any use of Protected Material at trial shall be governed by a
22   separate agreement or order.
23
24
25
26
27
28

**4.DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.DESIGNATING PROTECTED MATERIAL**

5.1

5.2Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

**(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.**

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the

1

2

3      specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to

5                          each page that contains Protected Material.

6      **(b)  for testimony given in deposition or in other pretrial or trial proceedings, that**

7      **the Designating Party identify on the record, before the close of the deposition,**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3      hearing, or other proceeding, all protected testimony.
5  **(c)  for information produced in some form other than documentary and for any
6  other tangible items, that the Producing Party affix in a prominent place on the
7  exterior of the container or containers in which the information or item is stored
8  the legend "CONFIDENTIAL." If only a portion or portions of the information or
9  item warrant protection, the Producing Party, to the extent practicable, shall
   identify the protected portion(s).**
10
11         5.3 Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to
   designate qualified information or items does not, standing alone, waive the Designating
12
13     Party's right to secure protection under this Order for such material. Upon timely
14  correction of a designation, the Receiving Party must make reasonable efforts to assure
15          that the material is treated in accordance with the provisions of this Order.
16                 **6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**
17         6.1 Timing of Challenges.  Any Party or Non-Party may challenge a designation of
18     confidentiality at any time. Unless a prompt challenge to a Designating Party's
19  confidentiality designation is necessary to avoid foreseeable, substantial unfairness,
20  unnecessary economic burdens, or a significant disruption or delay of the litigation, a
21  Party does not waive its right to challenge a confidentiality designation by electing not to
22          mount a challenge promptly after the original designation is disclosed.
23         6.2 Meet and Confer.  The Challenging Party shall initiate the dispute resolution
24  process by providing written notice of each designation it is challenging and describing
25   the basis for each challenge. To avoid ambiguity as to whether a challenge has been
26  made, the written notice must recite that the challenge to confidentiality is being made in
27    accordance with this specific paragraph of the Protective Order. The parties shall
28      attempt to resolve each challenge in good faith and must begin the process by
        conferring directly (in voice to voice dialogue; other forms of communication are not

sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

-8-
PROTECTIVE ORDER

1
2
3          The burden of persuasion in any such challenge proceeding shall be on the
5    Designating Party. Frivolous challenges, and those made for an improper purpose (e.g.,
6    to harass or impose unnecessary expenses and burdens on other parties) may expose
7         the Challenging Party to sanctions. Unless the Designating Party has waived the
8    confidentiality designation by failing to file a motion to retain confidentiality as described
9    above, all parties shall continue to afford the material in question the level of protection
10   to which it is entitled under the Producing Party's designation until the court rules on the
11                                      challenge.

12                    **7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

13        7.1 Basic Principles. A Receiving Party may use Protected Material that is
14   disclosed or produced by another Party or by a Non-Party in connection with this case
15    only for prosecuting, defending, or attempting to settle this litigation. Such Protected
16   Material may be disclosed only to the categories of persons and under the conditions
17   described in this Order. When the litigation has been terminated, a Receiving Party
18        must comply with the provisions of section 13 below (FINAL DISPOSITION).

19        7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise
20   ordered by the court or permitted in writing by the Designating Party, a Receiving Party
21        may disclose any information or item designated "CONFIDENTIAL" only to:
22        (a)  the Receiving Party's Outside Counsel of Record in this action, as well as
23   employees of said Outside Counsel of Record to whom it is reasonably necessary to
24                          disclose the information for this litigation
25
26
27
28

;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff,

(--) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)  Notwithstanding the provisions of Paragraph ___ , a party may use Confidential Information at a deposition of a deponent who has not already signed the certification in the form of Exhibit A hereto, in which case, the party's obligation shall be to ask in good faith that the deponent sign the certification, but the party's right to proceed with the deposition shall not depend on the deponent's willingness to do so. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(--) Any person identified as an author of the document or any person to whom a copy of such document was sent before its production in the Action.

(--) Any other person expected to be a deponent or fact witness in the Action who a party believes, in good faith, needs to see the information for purposes of his or her

testimony in the Action, subject to the procedure described in Paragraph __ of this Agreement.

(--)  Any mediator or arbitrator engaged by the parties to the Action for the purpose of resolving all or any part of the Action.

(--) Any Party.

Notwithstanding the provisions of Paragraph _____ , a person or party is free to disclose its own Confidential Information without restriction. Moreover, nothing prevents disclosure beyond the terms of this Order if the Producing Party or its counsel expressly consents to such disclosure, either in writing or on the record of any proceeding in the Action. Such consent must be given if it is shown that disclosure of Confidential Information to persons other than those listed in Paragraph ___ is reasonably necessary to the prosecution or defense of the claims or counterclaims in the Action. If the parties cannot agree on whether such disclosure is reasonably necessary, they may request that the Court resolve the matter.

**8.PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

**(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;**

**(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and**

**(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.**

-11-
PROTECTIVE ORDER

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

**(a)** The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

/ / /
/ / /

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-

-12-
PROTECTIVE ORDER

1

2                                                       Party.

3  (c)  If the Non-Party fails to object or seek a protective order from this court within 14

5  days of receiving the notice and accompanying information, the Receiving Party may

6  produce the Non-Party's confidential information responsive to the discovery request. If

7  the Non-Party timely seeks a protective order, the Receiving Party shall not produce

8  any information in its possession or control that is subject to the confidentiality

9  agreement with the Non-Party before a determination by the court.[1] **Absent a court**

10 **order to the contrary, the Non-Party shall bear the burden and expense of seeking**

11 **protection in this court of its Protected Material.**

12              **10.** **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

13              If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

14    Protected Material to any person or in any circumstance not authorized under this

15    Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

16    the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

17    all unauthorized copies of the Protected Material, (c) inform the person or persons to

18     whom unauthorized disclosures were made of all the terms of this Order, and (d)

19   request such person or persons to execute the "Acknowledgment and Agreement to Be

20                          Bound" that is attached hereto as Exhibit A.

21

22

23

24

25

26

27

28

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of

the specific Protected Material at issue. Pursuant to Civil Local Rule 79, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

## 13. **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: __6/28/13_____ /s/Ronald Wilcox_____

Attorneys for Plaintiff

DATED: _____ _____

Attorneys for Defendant

1
2
3 **PURSUANT TO STIPULATION, IT IS SO ORDERED**.
4
5 DATED: July 10, 2013                    _____
6                                                  Jay C. Gandhi
7                                                  Magistrate Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-16-
PROTECTIVE ORDER

## **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued

by the United States District Court for the Central District of California on [date] in the

case of _____ [insert formal name of the case and the number and initials

assigned to it by the court]. I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

-17-

PROTECTIVE ORDER